IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dwight Alonzo Littles, Jr., | ) | Case No.: 6:25-cv-02825-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Officer Pritchett, Greenville County Sheriff's Office, Sheriff Hobart Lewis, John Doe 1, John Doe 2, John Doe 3, and John Doe 4, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges (DE 48) issued in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report recommends dismissing this case without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.[1]

**A.    Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff Dwight Alonso Littles, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 against Greenville County Sheriff Hobart Lewis, the Greenville County Sheriff's Office ("GCSO"), Deputy Shawn Pritchett, and four unidentified deputies ("John Doe Deputies"), alleging constitutional violations arising from a February 28, 2025, traffic stop and arrest. (DE 1; *see also* DE 40-1 at 1–2.) Plaintiff contends that the deputies used excessive force, planted drugs in his vehicle, and fabricated charges against him. (DE 1 at 5–6.)

On June 16, 2025, Defendants Lewis, GCSO, and Pritchett filed a Motion to Dismiss under Rule 12(b)(6), arguing, among other grounds, Eleventh Amendment immunity, lack of "person" status under 42 U.S.C. § 1983, lack of personal involvement by Sheriff Lewis, and inapplicability of the Eighth Amendment to Plaintiff's claims. (DE 40; DE 40-1 at 2, 5–7.)

Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge entered orders on June 20 and July 22, 2025, advising Plaintiff of the importance of responding and warning that failure to respond could result in dismissal. (DE 43; DE 45.) Despite these warnings, Plaintiff filed no response.

B.  **Report and Recommendation**

On August 12, 2025, the Magistrate Judge issued a Report and Recommendation advising that this action be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (DE 48.) The Report recounted that Defendants filed a Motion to Dismiss on June 16, 2025.

(DE 40.) Consistent with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge entered orders on June 20 and July 22, 2025, advising Plaintiff of the significance of responding to the motion and cautioning that failure to do so could result in dismissal. (DE 43; DE 45.) Plaintiff nevertheless failed to file any response. (DE 48 at 2–3.)

The Report further observed that Plaintiff had not properly identified or served the John Doe Defendants, notwithstanding a prior warning that failure to effect service could result in dismissal under Rule 4(m). (DE 27 at 2–3 n.1; DE 48 at 1–2.) In light of Plaintiff's continued inaction and failure to prosecute, the Magistrate Judge recommended dismissal of the case without prejudice. (DE 48 at 3.)

The Report also advised Plaintiff of his right to file specific written objections within fourteen (14) days of service and cautioned that failure to file objections would waive appellate review. (DE 48 at 4.) The docket reflects no objections filed by Plaintiff, and the Report mailed to Plaintiff's address of record has not been returned as undeliverable.

C.  **Legal Standard**

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## D.    Conclusion

The Court has reviewed the Report (DE 48), the Motion to Dismiss (DE 40), and the record in this case and finds no clear error on the face of the record.

Accordingly, the Court adopts the Report (DE 48) and incorporates it by reference. This action is DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and all pending motions are terminated as moot.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 1, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.